IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Devon Roy-Devantrez B. Crawford,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Marion County Detention Center, Mullins Police Department,<br><br>　　　　　　Defendants. | C/A No.: 2:22-cv-2435-SAL<br><br><br>**ORDER** |

　　This matter is before the court for review of the January 17, 2023, Report and Recommendation ("the Report") of United States Magistrate Judge Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b)(1)(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 13.] In the Report, the Magistrate Judge recommends summarily dismissing this case because Plaintiff has failed state a claim for relief under 42 U.S.C. § 1983 for several reasons. *Id.* at 4–6. Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report. *Id.* at 7. Plaintiff has failed to file objections, and the time for doing so has expired.

　　The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to

accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds the Report mistakenly characterized the facts of the complaint. That is, the Report analyzes the complaint as if Plaintiff sustained injuries while in the custody of the Defendants. [*See* ECF No. 13 at 1–2.] However, it appears Plaintiff's complaint concerns injuries sustained by Benson Crawford, not Plaintiff. [ECF No. 1 at 6.] Plaintiff and Benson Crawford share the last name, but it is unclear how and if the two are related, which raises concerns that Plaintiff does not have standing to bring the instant action. *See Belcher v. S.C. Bd. of Corr.*, 460 F. Supp. 805, 807 (D.S.C. 1978) ("In a federal civil rights action where the person who has been deprived of his rights has died, the action survives for the benefit of his estate if the applicable state law allows such an action."); *see also Gregory v. R.J. Reynolds Tobacco Co., Inc.*, No. 7:20-cv-4257-TLW-JDA, 2021 WL 5827290, at *4 (D.S.C. Mar. 26, 2021) (explaining that under South Carolina law "[b]ecause only the estate's executor or administrator may bring a wrongful death action, a decedent's relative who is not the personal representative of the estate does not have standing to bring such a claim[,]" and, further, such claims by personal administrators cannot be brought *pro se* (citing *Roberts v. Bodison*, No. 2:14-cv-00750-MGL-MGB, 2015 WL 13215670, at *3–4 (D.S.C. Nov. 20, 2015), *adopted by* 2015 WL 9581756 (D.S.C. Dec. 30, 2015))), *accepted by* 2021 WL 5480905. Standing is a threshold, jurisdictional issue, and based on the court's interpretation of the complaint, Plaintiff does not have standing to bring this action. As such, it must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

If Plaintiff could somehow demonstrate standing, the analysis by the Magistrate Judge identifying the deficiencies in the claims in Plaintiff's § 1983 complaint is still applicable. For that reason, and without any objections by Plaintiff, the court hereby modifies the Report, ECF No. 13, as stated herein. Accordingly, this action is **DISMISSED** without prejudice and without service of process.

**IT IS SO ORDERED.**

March 14, 2023                      s/ Sherri A. Lydon
Columbia, South Carolina           United States District Judge